UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID E. HOWARD, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>BRIAN LAMARR Attorney, )<br>LISA BRAGG Prosecutor, )<br>)<br>    Defendants. ) | No. 1:17-cv-00736-WTL-DML |

**Entry Granting Motion to Proceed *in Forma Pauperis*,
Dismissing Complaint, and Directing Further Proceedings**

**I.**

Plaintiff David Howard's motion to proceed *in forma pauperis* [dkt 2] is **granted**. No assessment of an initial partial filing fee is feasible at this time.

**II.**

Howard's motion for assistance with recruiting counsel [dkt 3] is **denied.** Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989).

"When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993). The plaintiff asserts that he has been unsuccessful in recruiting representation on his own. Although

the Court concludes, based on the above filing, that the plaintiff has made a reasonable effort to secure representation, he should continue those efforts.

The Court proceeds to the second inquiry required in these circumstances. Here, the Court must analyze Howard's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655.

The Court will not make an outright request that counsel represent Howard at this time. The issues raised in the complaint are not complex and, as discussed below, do not appear to be viable. Howard states that he is educated – he has an associates degree in applied science. In addition, based on Howard's comprehensible filings, his use of the court's processes, his familiarity with the factual circumstances surrounding his legal claims, he is competent to litigate on his own.

**III.**

Howard brings this action, presumably pursuant to 42 U.S.C. § 1983, alleging that attorney Brian Lamarr and Prosecutor Lisa Bragg colluded against him to obtain a conviction against him of certain crimes. Because Howard is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Howard, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on this screening, the complaint must be **dismissed**. First, a prosecutor has absolute immunity from a civil suit for damages under § 1983 "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman,* 424 U.S. 409, 427 (1976). In addition, any claim that, if successful, would call into question the plaintiff's criminal conviction is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). That decision prevents prisoners from bringing a § 1983 action requesting damages for an unconstitutional conviction or imprisonment without first showing that the challenged conviction or sentence has been reversed or expunged. *Id.* at 486–87. The only way to challenge the validity of a state criminal conviction in federal court was to file a petition for a writ of habeas corpus.

For the foregoing reasons, Howard's complaint is **dismissed**. Howard shall have **through April 14, 2017,** to show cause why judgment consistent with this Entry should not issue.

**IT IS SO ORDERED.**

Date: 3/14/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID E. HOWARD
376556
MARION COUNTY JAIL
MARION COUNTY JAIL
Inmate Mail/Parcels
40 South Alabama Street
Indianapolis, IN 46204